UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD OWENS,

       Petitioner,

                                          CASE NO. 05-CV-74374-DT

v.

                                          PAUL D. BORMAN

SHERRY L. BURT,                     UNITED STATES DISTRICT JUDGE

       Respondent.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES
COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Petitioner Donald Owens has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. The application attacks Petitioner's 1981 state convictions for armed robbery and possession of a firearm during the commission of a felony. Because this is Petitioner's fourth habeas petition, the Court concludes that the petition must be transferred to the United States Court of Appeals for the Sixth Circuit as a second or successive habeas petition for the reasons stated below.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted. Among other things, the AEDPA amended 28 U.S.C. § 2244, which sets forth the standards and procedures that federal courts must apply when faced with second or successive habeas corpus petitions. Pursuant to amended § 2244, an individual seeking to file a second or successive habeas petition must ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b) (3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*,

518 U.S. 651, 664 (1996). The Sixth Circuit has held that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner concedes that he has filed three prior habeas petitions challenging the same convictions. He states that his first habeas petition, filed in 1984, was denied; his second habeas petition was dismissed without prejudice for failure to exhaust state remedies; and his third petition was dismissed as an abuse of the writ. *See* Pet. for Writ of Habeas Corpus, at 5 unnumbered footnote 2; Brief in Support of Pet. for Writ of Habeas Corpus, at 4-5. Because it appears that at least one of the prior habeas petitions was denied on the merits, and because Petitioner apparently has not received permission from the Court of Appeals to file a second or successive habeas petition, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2006

---

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

2

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 19, 2006.

                                              s/Jonie Parker
                                              Case Manager